IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 5, 2013

**CHRISTOPHER PIRTLE**
**v. TURNEY CENTER DISCIPLINARY BOARD ET AL.**

**Appeal from the Chancery Court for Hickman County**
**No. 12CV4683     Timothy L. Easter, Judge**

**No. M2012-02057-COA-R3-CV - Filed June 11, 2013**

Petitioner, an inmate of the Tennessee Department of Correction, was charged with the prison disciplinary offense of Refusing a Drug Test because he failed to provide an adequate amount of urine for testing. Following a disciplinary hearing he was found guilty of the offense. He filed a Petition for Writ of Certiorari, which was granted, and Respondents filed a certified copy of the record of Petitioner's disciplinary proceedings. The trial court found the disciplinary board did not act in an illegal or arbitrary manner, and dismissed the case. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, J.J., joined.

Christopher Lee Pirtle, Only, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter, William Young, Solicitor General, and James Lee Pope, Assistant Attorney General, Nashville, Tennessee, for the appellee, Turney Center Disciplinary Board.

**OPINION**

Christopher Lee Pirtle ("Petitioner") was incarcerated at the Turney Center Industrial Complex in Only, Tennessee. On November 20, 2011, Petitioner was charged with the prison disciplinary offense of Refusing a Drug Test because he failed to provide an adequate amount of urine for testing after repeated requests. On November 30, 2011, a disciplinary hearing was held and evidence was presented at the hearing that consisted of a statement from Correctional Officer Felts, who testified that Petitioner failed to provide an adequate

urine sample for testing. At the conclusion of the hearing, Petitioner was found guilty of the offense of Refusing a Drug Test and received a sentence of ten days punitive segregation, a $4.00 fine, six month visitation suspension, and nine month package restriction.

Petitioner then timely filed a Petition for Common Law Writ of Certiorari with the Hickman County Chancery Court naming as respondents the Turney Center Disciplinary Board, Derrick D. Schofield, TDOC Commissions, Jerry Lester, Warden, Jason Clendenion, Disciplinary Board Chairman, and Christina M. Totty, Reporting Official (collectively "Respondents"). In the petition, Petitioner alleged that Respondents acted arbitrarily and illegally because: (1) the disciplinary report issued to Petitioner contained errors and failed to adequately state an offense; and (2) there was insufficient evidence to find Petitioner guilty of the offense. Respondents filed a Notice of No Opposition to Granting the Petition for Writ of Certiorari and the trial court granted the petition for writ of certiorari and directed Respondents to file a certified copy of the record of Petitioner's disciplinary proceedings. Respondents timely filed a certified copy of Petitioner's disciplinary proceedings.

Respondents subsequently moved for judgment on the grounds that administrative record contains sufficient evidence to sustain the conviction and that the disciplinary board did not act illegally or arbitrarily. Petitioner filed a timely response to Respondents' motion. August 21, 2012, the trial court found the disciplinary board did not act in an illegal, fraudulent, or arbitrary manner, and ordered the case dismissed.

Thereafter, Petitioner filed a Motion to Alter or Amend contending the August 21, 2012, order erroneously stated that Petitioner did not file a response to Respondents' Motion for Judgment. Respondents filed a response stating they did not oppose correcting the order to state that Petitioner had filed a timely response. On September 18, 2012, the trial court granted Petitioner's motion, vacated its previous order to the extent it stated Petitioner failed to file a response to Respondents' Motion for Judgment on the Record, and entered a new order finding that Respondents were entitled to judgment and the case was dismissed because the disciplinary board did not act arbitrarily, illegally, or exceed its jurisdiction. This appeal followed.

## STANDARD OF REVIEW

The scope of review afforded by a common-law writ of certiorari is extremely limited as this court explained in *Leonard Plating Co. v. Metropolitan Government of Nashville and Davidson County*, 213 S.W.3d 898, 903 (Tenn. Ct. App. 2006). The reviewing court may not inquire into the intrinsic correctness of the decision, reweigh the evidence, or substitute its judgment for that of the board; however, the court may review the record to determine whether the record contains "any material evidence to support the decision because a

decision without evidentiary support is an arbitrary one." *Id.* at 903-04 (footnotes and citations omitted). Material evidence is "relevant evidence that a reasonable person would accept as adequate to support a rational conclusion." *Id.* at 904. "The amount of material evidence required to support a board's or agency's decision must exceed a scintilla of evidence but may be less than a preponderance of the evidence." *Id.*

**ANALYSIS**

Petitioner contends his conviction should be overturned because the charging instrument, the disciplinary report, failed to adequately state the alleged offense, the disciplinary report contains errors, and the evidence is insufficient to convict.

The disciplinary report issued to Petitioner stated as follows:

> THE ATTEMPT WAS MADE TO DRUG TEST INMATE PIRTLE #424969 FOR A RANDOM TEST. INMATE PIRTLE WAS GIVEN AN 8 OUNCE CUP OF WATER AND 2 HOURS TO PROVIDE A URINE SAMPLE. INMATE PIRTLE WAS UNABLE TO PROVIDE AN ACCURATE AMOUNT OF URINE TO TEST. THEREFORE INMATE PIRTLE IS CHARGED WITH REFUSING A DRUG TEST.

The offense of "Refusal of/or Attempt to Alter Test" is defined in Tennessee Department of Correction Policy # 502.05(VI)(A)(61) as follows:

> Refusal to provide an adequate breath or urine sample for a drug or alcohol screen upon request, refusal to sign a chain of custody forms, or attempting to change or modify documents, urine, or blood content for the purpose of creating false negative test results.

Petitioner asserts the definition requires the disciplinary report to state he attempted to change or modify a urine sample for purposes of providing a false negative. We disagree. The definition states that an inmate commits the offense if he refuses to provide an adequate urine sample. Accordingly, the disciplinary report adequately stated the offense of Refusal of a Drug Test.

Petitioner also asserts that the disciplinary report contained an error because it stated "inmate Pirtle was unable to provide an accurate amount of urine." Petitioner insists that this statement was erroneous because he provided three urine samples. The record, however, shows that none of the samples provided by Petitioner were sufficient for testing.

-3-

The administrative record from the disciplinary hearing need not establish that the disciplinary board's decision to convict was correct beyond all doubt. *See Superintendent, Massachusetts Corr. Inst. v. Hill*, 472 U.S. 445, 455, 105 S. Ct. 2768, 2774 (1985). The administrative record need only contain some "material evidence" to support a conviction of a disciplinary offense. *Leonard Plating Co.*, 213 S.W.3d at 904 . Further, a board's decision that is based upon some material evidence is not arbitrary. *Id.*; *Hoover Motor Exp. Co., Inc. v. Railroad and Public Utilities Comm.*, 261 S.W.2d 233, 239 (Tenn. 1953).

Here, Petitioner's conviction was supported by Officer Felts' testimony that Petitioner failed to provide an adequate urine sample for a drug test. Material evidence is "relevant evidence that a reasonable person would accept as adequate to support a rational conclusion." *Id.* Officer Felts' testimony was directly relevant to the issue and it is the type of evidence that a reasonable person would accept as adequate to support a rational conclusion, that Petitioner refused to provide an adequate urine sample for a drug test. Therefore, there was material evidence to convict Petitioner of the offense.

We, therefore, affirm the trial court in all respects.

## IN CONCLUSION

The judgment of the trial court is affirmed and this matter is remanded with costs of appeal assessed against the appellant, Christopher Lee Pirtle.

_____
FRANK G. CLEMENT, JR., JUDGE

-4-